UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

FERNANDO ADAMS,

        Plaintiff,

v.

        Case No. 24-cv-943-pp

TOORAK CAPITAL PARTNERS,

        Defendant.

---

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS (DKT. NO. 6)**

---

On July 25, 2024, the plaintiff, who is representing himself, filed a complaint alleging that the defendant did not timely respond to the plaintiff's "constructive legal notice of administrative remedy demand[.]" See Dkt. No. 1. On August 16, 2024, the defendant filed a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Dkt. No. 6. The plaintiff has not responded to the motion to dismiss.

Because the complaint fails to state a claim upon which relief may be granted, the court will grant the defendant's motion to dismiss.

**I.    Background**

    A.    <u>Content of Complaint (Dkt. No. 1)</u>

The complaint alleges that, "ON 06/28/2023[,] AFFIANT FERNANDO ADAMS C/O of DREAM INVESTMENT AND HOUSING LLC ISSUED A CONSTRUCTIVE LEGAL NOTICE of ADMINISTRATIVE REMEDY DEMAND BY REGISTERED MAIL AS EVIDENCED BY CERTIFICATE OF MAILING AND

1

ACCEPTANCE BY RETURN RECEIPT." Dkt. No. 1 at 3 (capitalization in original). It asserts that the defendant was "GIVEN 30 CALENDAR DAYS TO REBUT, POINT BY POINT, EACH OF AFFIANTS CLAIMS OR IN THE ALTERNATIVE ADMIT ALL CLAIMS VERIFIED THERIN." Id. (capitalization in original). The complaint states that "AFFIANT (TO DATE) HAS NOT RECEIVED A COMPLETE RESPONSE FROM THE RESPONDENTS AND/OR ITS CO-PARTIES OR OFFICERS." Id. (capitalization in original). It alleges that because the defendant failed to respond to the plaintiff's affidavit or his "NOTICE OF FAULT AND OPPORTUNITY TO CURE," the defendant is "AT FAULT" and has "ADMITTED TO THE STATEMENTS AND CLAIMS VERIFIED THEREIN." Id. (capitalization in original). The complaint then directs the reader's attention to "ATTACHED EXHIBITS A, B, C, D, E." Id. (capitalization in original).

"Exhibit A" appears to be the above-referenced "administrative remedy demand." Dkt. No. 1-1 at 2-6. This document is from the plaintiff and is addressed to "POLSINELLI/Toorak Capital Partners LLC (RESPONDENT)". Id. at 2 (capitalization in original). The document is dated June 28, 2023 and states that it is "IN RE: Alleged Loan #1535012516" Id. The letter asserts that "it has come to [the plaintiff's] attention that fraud and/or other violations of public policy may have occurred in the operation of this account, therefore, [the plaintiff] will be conducting discovery to determine the true facts in this matter." Id. The plaintiff asked the recipient to "respond and/or rebut the following within ten (10) days, point by point and line by line, in affidavit form,

2

and provide documentary evidence to support your claim(s) within twenty (20) additional days[,]" before stating:

> Our economic system operates on credit and debt. If we have no currency of value or substance in circulation today, then what did the Bank "loan" me? <u>It is unlawful for the bank to loan me their credit.</u>
>
> So, what did the bank loan me?
>
> What value/substance did the bank loan me?
>
> Please provide the evidence that the bank loaned me anything of value.
>
>> At the closing, I placed my signature on a Promissory Note which I gave to the bank in the exchange. Said Promissory Note had no value prior to my placing my signature on it. Did it not?
>>
>> There are no other signatures on said Promissory Note; therefore, it was my signature I that gave the value to the Promissory Note which I gave to the bank in the exchange. Was it not?
>>
>> Since 1933 the United Sates has operated upon the good faith and credit of the American People, not eh good faith and credit of the Banking industry. Has it not?
>>
>> The governments, including the government sanctioned corporations, institutions, and banks have no authority to create money. Only We the American People can create money. We the American people are the originators of the money and are therefore the Creditors. Are we not?
>>
>> When I place my signature on the Promissory Note, giving value to the Note, I was the originator of the funds and, therefore, the Creditor of the transaction. Am I not?

<u>Id.</u> at 3 (emphasis in original).

The letter asserted that the "[c]ivil code states that [the plaintiff has] a right to restitution and rescission if the bank sells and [sic] unregistered

3

security[,]" and that "[i]t has come to [the plaintiff's] attention that the Promissory Note which [he] executed is an unregistered security and that it may have been sold, traded or assigned in violation of State statues." Id. at 3-4. The plaintiff then stated:

> UCC 3-104(a) & UCC 3-105 (a)(c) makes it clear that I was the Issuer, Drawer, Maker of the Note-that I executed, giving it value, at the closing, while UCC 8-102(12), (15), (9) and UCC 8-105 leaves no doubt that I am the holder of the entitlement right to the funds. I am the Creditor and entitlement holder with the authority to issue Entitlement Orders as concerns this transaction and/or this account. Am I not?
>
> > The Bank registered the "Auto Loan #6204145634764" but did not register the "Note", therefore, the "Note" is an unregistered security in accordance with the UCC and International Banking Law. Is it not?
> >
> > Please provide me certified copies of the accounting of the Promissory Note that I executed at the closing of said loan, to wit: the Accounts Receivables and Accounts Payables ledgers of this Promissory Note.
> >
> > Please provide me a certified copy, front and back, of the original Promissory Note as well as all assignments of the Note.

Id. at 4.

The "administrative remedy demand" concluded by saying:

> Respondents' failure to respond point for point and line by line under penalty of perjury shall constitute your agreement that the process is free of error and/or omission, lawful or otherwise, having had the opportunity to respond and provide documentary evidence in affidavit form, and choosing to demur and stipulate to the facts as set forth by Claimant creating a binding contract between the Parties.
>
> Your dishonor constitutes an estoppel and your voluntary waiver of all rights and remedies that may otherwise exist and your agreement to confess judgement in this matter. A judgement shall require you to correct the public record to convey satisfaction of mortgage lien

4

and/or reconveyance of my deed. Furthermore, your failure to correct public record shall be considered an act of slander of title and proof positive evidence of standing for me to correct the public record to convey the truth.

Id. at 5.

Based on the defendants alleged failure to respond to this "administrative remedy demand," the plaintiff claims that he is entitled to relief. Dkt. No. 1 at 5. Under "RELIEF WANTED," the plaintiff wrote the following:

> AFFINAT [sic] IS EXHAUSTING HIS ADMINISTRATIVE REMEDIES AND THE RESPONDENTS ARE "ESTOPPED" FROM EVER CONTROVERTING AND ARGUING IN ANY SUBSEQUENT ADMINISTRATIVE OR JUDICIAL PROCESS. COLLATERAL ESTOPPEL, ESTOPPEL BY ACQUIESCENCE AND RES JUDICATA IN THIS MATTER IS TAKEN ADMINISTRATIVELY. ALL VIOLATIONS OF THEESTOPPEL ARE DEEMED A TRESPASS ON THE AGREEMENT/CONTRACT.
>
> RESPONDENTS VIOLATIONS ARE DEEMED A TRESPASS AND ENLARGE THE VALUE OF THE CLAIM FOR PUNITIVE DAMAGES BASED ON THE SUM CERTAIN ($111,303.25), PROGRESSIVE FOR THE ACTS PER PARTY FOR EACH VIOLATION.
>
> *ALL PAYMENTS ARE REQUIRED TO BE SERVED UPON THE AFFIANTS/ACCEPTOR AT THE LOCATION SHOWN AND EXPRESSLY AND EXACTLY AS SHOWN:*
>
> *DREAM INVESTMENT AND HOUSING LLC*
> *C/O FERNANDO ADAMS*
> *ADDRESS: PO BOX 100734*
> *MILWAUKEE, WISCONSIN 53210*

Id. (capitalization in original, italic emphasis added).

The complaint's "Exhibit C" explains how the plaintiff reached this "sum certain":

> ACCOUNTING AND TRUE BILL
> *Affiant is entitled to the return of all funds paid by Affiant for the years 2021, 2022 where Affiant paid monthly payments, plus all late fees and interest fraudulently charged.* Respondent was given the

5

opportunity to simply return the original note and merge the accounts payable and accounts receivable as remedy buy have failed to comply. Therefore, the monetary values of said notes shall be included in the accounting and true bill.

                    COMPUTED AS FOLLOWS
$102,000            Amount of Note
$9,303.25           Refund due Fernando Adams for years,
                    2021, 2022 for funds fraudulently levied
$111,303.25         Sum certain for actual cost funds

Dkt. No. 1-1 at 11 (italic emphasis added).

B.  Motion to Dismiss (Dkt. No. 6)

The defendant argues that the complaint fails to state a claim upon which relief could be granted and asks the court to dismiss the plaintiff's case with prejudice. Dkt. Nos. 6, 7. The defendant explains that "[t]he core nucleus of operative facts alleged in the Complaint stems from a loan transaction between [the defendant], on the one hand, and Plaintiff and his limited liability company, Dream Investment and Housing LLC, on the other—which is [the defendant]'s only relationship with Plaintiff." Dkt. No. 7 at 1. The defendant observes that the "Plaintiff's Complaint makes numerous references to the promissory note evidencing this loan[,]" and the defendant asserts that this means that the court may consider the "Loan Documents" attached to defense counsel's declaration under the incorporation-by-reference doctrine. Id. (citing Warwick v. Schneider Natl., Inc., 538 F. Supp. 3d 867, 869 (E.D. Wis. 2021)). The defendant details how the plaintiff's LLC "signed and delivered to Original Lender that certain Commercial Promissory Note dated March 11, 2022, in the original principal amount of $102,000.00, with interest thereon as provided

6

therein[.]" Id. at 2 (citing Dkt. Nos. 7-1; 7-2). The defendant then describes its efforts to foreclose on the loan after the plaintiff's LLC allegedly defaulted. Id. at 1-4.

The defendant recounts the following:

> 10. On February 15, 2024, Plaintiff, purportedly on behalf of Borrower, filed a Complaint against Toorak in this Court (the "Borrower Complaint"), commencing the action captioned Dream Investment and Housing, LLC v. Toorak Capital Partners LLC, Case No. 2:24-cv-00210-PP (the "Borrower Action"). See Borrower Action, at Dkt. No. 1. The Borrower Complaint is an incomprehensible rambling diatribe of disjointed and wholly conclusory allegations, along with legal citations to inapplicable law.
>
> 11. On March 27, 2024, Toorak filed a Motion to Dismiss the Borrower Complaint or, in the Alternative, to Stay the Borrower Action. See Borrower Action, at Dkt. No. 6-7.
>
> 12. On July 10, 2024, this Court entered its Order Denying Motion for Leave to Proceed without Prepaying Filing Fee and Requiring Borrower to Appear though Licensed Counsel (the "July 10 Order"). See Borrower Action, Dkt. No. 11. In relevant part, the July 10 Order required Borrower to appear through a licensed attorney and pay the required filing fee by August 2, 2024—which Borrower failed to do.

Id. at 4. The defendant asserts that, "[r]ather than comply with this Court's explicit directives, Plaintiff filed its Complaint in this action—the allegations of which mirror the Borrower Complaint." Id. at 5.

The defendant opines that the complaint asserts "the universally rejected sovereign citizen theory of 'vapor money.'" Id. at 7. It contends that "courts across the nation reject this type of argument." Id. at 8 (citing Abdullah v. SoFi Bank, N.A., Case No. 2022-CA-1052, 2023 WL 3134041, at *3 (Ky. Ct. App. Apr. 28, 2023); McLaughlin v. CitiMortgage, Inc., 726 F. Supp. 2d 201 (D. Conn. 2010); Stokes v. Navient Dept. of Educ. Loan Servicing, Case No.

7

18cv47, 2019 WL 3183587, at *5 (M.D. Ala. June 18, 2019); Price v. Lakeview Loan Servicing, LLC, Case No. 19-cv-655, 2021 WL 1610097, at *3 (M.D. Fla. Apr. 26, 2021), *aff'd*, 2022 WL 896816 (11th Cir. Mar. 28, 2022)). After detailing why courts have rejected the theory, the defendant argues that "Plaintiff's Complaint fails to state any cause of action under any legal theory (even with the liberality afforded pro se claimants)" and that "[t]he Complaint fails to clearly allege facts that would provide a defendant with the requisite notice of the claims it should be expected to defend." Id. at 9. The defendant concludes that "Plaintiff should be admonished for abusing the court system, and the Complaint should be dismissed." Id.

## II. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) allows a party to assert by motion that the complaint fails to state a claim upon which a federal court can grant relief. "A Rule 12(b)(6) motion tests 'the legal sufficiency of the complaint,' as measured against the standards of Rule 8(a)." Gunn v. Cont'l Cas. Co., 968 F.3d 802, 806 (7th Cir. 2020) (quoting Runnion v. Girl Scouts of Greater Chi. & Nw. Ind., 786 F.3d 510, 526 (7th Cir. 2015)). A complaint need not include detailed factual allegations, but it must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim is facially plausible if it "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556). In ruling on a Rule 12(b)(6) motion, the court "accept[s] all well-pleaded facts as

true and draw[s] reasonable inferences in the plaintiffs' favor." Roberts v. City of Chicago, 817 F.3d 561, 564 (7th Cir. 2016). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions[,]" so "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. When considering whether a plaintiff has stated a claim, the court "may consider documents attached to the pleadings so long as the documents are referred to in the complaint and central to the plaintiff's claims." Doe v. Columbia Coll. Chi., 933 F.3d 849, 854 (7th Cir. 2019).

"A document filed *pro se* is to be 'liberally construed' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]'" Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citations omitted). But "it is also well established that *pro se* litigants are not excused from compliance with procedural rules." Pearle Vision, Inc. v. Romm, 541 F.3d 751, 758 (7th Cir. 2008). Similarly, "being a *pro se* litigant does not give a party unbridled license to disregard clearly communicated court orders." Downs v. Westphal, 78 F.3d 1252, 1257 (7th Cir. 1996).

### III. Discussion

Reading the complaint and the attachments together as a single document, it appears that the plaintiff is asking the court to extinguish the debt incurred by his LLC and refund the loan payments he made from 2021 through 2022 because the defendant did not respond to his "administrative

9

remedy demand notice of acceptance" and—according to the plaintiff—thus admitted all the statements/allegations/assertions in that document. Dkt. Nos. 1, 1-1. As the defendant observes in its motion to dismiss, dkt. no. 7 at 7-9, the plaintiff appears to be calling into question the validity of the loan itself through what is sometimes known as the "vapor money" theory of debt.

The "vapor money" theory of debt is "in essence, based on the premise that because the United States went off the gold standard in 1933 with the passage of HJR–192, the United States has been bankrupt and lenders have been creating unenforceable debts because they are lending credit rather than legal tender." Green v. Pryce, Case No. 15-3527, 2015 WL 4069176, at *2 (E.D.N.Y. July 1, 2015) (quotation omitted); see also Goodwin v. Flagstar Bank, Case No. 19-CV-859, 2019 WL 7582866, at *3 (W.D. Mich. Dec. 23, 2019) (discussing "[t]he genesis of the vapor money theory"), *report and recommendation adopted*, 2020 WL 255673 (W.D. Mich. Jan. 17, 2020). "Accordingly, under the vapor money theory, a loan imposes no repayment obligation if the indebtedness was funded with credit as opposed to hard currency." Brown v. Selene Fin. LP, Case No. 22-CV-04690, 2023 WL 3335060, at *4 (N.D. Ga. Apr. 10, 2023), *report and recommendation adopted*, 2023 WL 4996552 (N.D. Ga. June 1, 2023). The "vapor money" theory rests on the assumption "that promissory notes (and similar instruments) are the equivalent of 'money' that citizens literally 'create' with their signatures." McLaughlin v. CitiMortgage, Inc., 726 F. Supp. 2d 201, 212 (D. Conn. 2010); see also McLean v. Cap. One Auto Fin., Case No. 21-910, 2022 WL 2763158, at

10

\*2 (W.D. Tex. Mar. 25, 2022) ("All of Plaintiff's claims appear to rest on the theory that the promissory note she executed is the equivalent of 'money' that she gave to Defendant, and that because Defendant allegedly accepted the note, Defendant essentially 'converted' the note and satisfied her automobile loan obligation."), *report and recommendation adopted*, 2022 WL 3449502 (W.D. Tex. June 9, 2022).

Across the country, federal courts at the appellate and district court levels have rejected the "vapor money" debt theory. See, *e.g.*, Allah-Bey v. Roberts, 668 F. App'x 419, 420 (3d Cir. 2016) (affirming the district court's dismissal of the plaintiff's complaint where his theory was "identical to the 'vapor money' legal theory that numerous federal courts have rejected as frivolous"); Price v. Lakeview Loan Servicing, LLC, Case No. 21-11806, 2022 WL 896816, at \*3 (11th Cir. 2022) (affirming district court's dismissal of plaintiff's complaint based on the "vapor money" theory and stating "[t]his theory is nonsensical and fundamentally misunderstands how negotiable instruments work"); Knapp v. Compass Minn., No. 24-CV-00100, 2024 WL 2832502, at \*7 n.4 (D. Minn. June 4, 2024) ("courts across the country have consistently rejected the 'redemption' and 'vapor money' theories as frivolous and nonsensical").

Federal courts have held "[t]he 'vapor money' theory of recovery is patently frivolous no matter how disguised under a legitimate cause of action." Wilson v. GMFS Mortg., Civil Action 22-478, 2023 WL 1542431, at \*7 (M.D. La. Jan. 9, 2023), report and recommendation adopted, 2023 WL 1802406 (M.D.

La. Feb. 7, 2023); see, e.g., Torne v. Republic Mortgage LLC, Case No. 09-2445, 2010 WL 1904507 (D. Nev. May 10, 2010) (dismissing, in some instances *sua sponte*, claims alleging fraud, conversion, conspiracy, extortion, securities fraud, and violations of the Truth in Lending Act (TILA), the Fair Credit Reporting Act (FCRA), the Fair Debt Collection Practices Act (FDCPA), and GAAP, based on "vapor money" theories of recovery where the plaintiff claimed his loan was invalid because it was made with credit rather than cash); Barber v. Countrywide Home Loans, Inc., Case No. 09-40, 2010 WL 398915, at *4 (W.D.N.C. Oct. 7, 2009) (dismissing as "utterly frivolous" and "patently ludicrous" claims of fraud, racketeering and conspiracy based on vapor and unlawful money claims, and advising the plaintiffs that their "tactics are a waste of their time as well as the court's time, which is paid for by hard-earned tax dollars").

Reading the complaint and the attachments together, as Fed. R. Civ. P. 10(c) requires, supports the conclusion that the plaintiff's claims are premised on this "universally and emphatically rejected" theory. See McLaughlin, 726 F. Supp. 2d at 213-14. The plaintiff's attached "administrative remedy demand" asserts that "since 1933 the United Sates [sic] has operated upon the good faith and credit of the American People," and that "[o]nly We the American People can create money." Dkt. No. 1-1 at 3. It contends that "[w]hen [the plaintiff] place[d] [his] signature on the Promissory Note, giving value to the Note, [he] was the originator of the funds and, therefore, the Creditor of the transition." Id. It asserts that the defendant(s) did not loan the plaintiff

12

"anything of value," id., and that he "is entitled to the return of all funds paid by Affiant for the years 2021, 2022 where Affiant paid monthly payments, plus all late fees and interest fraudulently charged[,]" id. at 11. The "vapor money" debt theory expressed in the "administrative remedy demand" attached to the complaint is not a valid basis for a claim upon which a federal court may grant relief. The court will grant the defendant's motion to dismiss because the plaintiff has failed to state a claim upon which relief may be granted.

The plaintiff (either on his own or on behalf of his company) has filed multiple lawsuits in this district asserting claims based on the same theory. As of the date it issues this order, the court has dismissed all of them. The plaintiff should be aware that if he continues to file complaints based on the same legally invalid theories this court has rejected thus far, he may face sanctions, including financial sanctions and/or a filing bar.

## IV. Conclusion

The court **GRANTS** the defendant's motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Dkt. No. 6.

The court **ORDERS** that this case is **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief can be granted. The clerk will enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 15th day of January, 2025.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**